UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LUCAS S. PIERCE,
                      Plaintiff,

v.                                                                     9:06-CV-1290
                                                                      (LEK/GHL)
DAVE MONELL, Lieutenant, Tioga County Jail;
JESSIE HOWE, Corrections Officer, Tioga County Jail;
and NATE MARSH, Sergeant, Tioga County Jail,
                      Defendants.
_____

APPEARANCES:                                   OF COUNSEL:

LUCAS PIERCE, 04-B-1486
  Plaintiff, *Pro Se*
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

OFFICE OF FRANK W. MILLER              FRANK W. MILLER, ESQ.
  Counsel for Defendants
6575 Kirkville Road
East Syracuse, NY 13057

GEORGE H. LOWE, United States Magistrate Judge

### REPORT-RECOMMENDATION

This *pro se* prisoner civil rights action has been referred to me by the Honorable Lawrence E. Kahn, Senior United States District Judge, to hear and determine any pretrial matters therein, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3 of the Local Rules of Practice for this Court. Recently it has come to my attention that four pieces of mail sent to Plaintiff by the Court have been returned to the Court as "undeliverable." (Dkt. Nos. 17, 19, 21; *see also* Docket Sheet for Internal Entry of 9/15/07.) For the reasons set forth below, I recommend that the Court *sua sponte* dismiss Plaintiff's Complaint for failure to prosecute the

action and/or for failure to comply with an Order of the Court, pursuant to Fed. R. Civ. P. 41(b).

Rule 41 of the Federal Rules of Civil Procedure permits the Court to *sua sponte* dismiss a proceeding for failure to prosecute and/or failure to comply with an Order of the Court. Fed. R. Civ. P. 41(b).[1] As a result, Fed. R. Civ. P. 41(b) may be fairly characterized as providing for two independent grounds for dismissal: (1) a failure to prosecute the action, and (2) a failure to comply with the Federal Rules of Civil Procedure or any order of court.

With regard to the first ground for dismissal (a failure to prosecute the action), the Second Circuit has held that it is within the trial judge's sound discretion to dismiss for want of prosecution.[2] Furthermore, the Second Circuit has identified five factors that it considers when reviewing a district court's order of dismissal for failure to prosecute under Fed. R. Civ. P. 41(b):

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.[3]

---

[1] Fed. R. Civ. P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant"); *Saylor v. Bastedo*, 623 F.2d 230, 238-239 (2d Cir. 1980) (recognizing that, under the language of Fed. R. Civ. P. 41[b], a district court retains the inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute) (citations omitted); *see also* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed."); Fed. R. Civ. P. 16(f) ("If a party . . . fails to obey a scheduling or pretrial order . . . the judge, upon motion or in the judge's own initiative, may make such orders with regard thereto as are just . . . .").

[2] *See Merker v. Rice*, 649 F.2d 171, 173 (2d Cir. 1981).

[3] *See Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (affirming Fed. R. Civ. P. 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York

As a general rule, no single one of these five factors is dispositive.[4]

Here, I find that these five factors weigh decidedly in favor of dismissal. With regard to the first factor, I find that the duration of Plaintiff's failure to prosecute has been nearly *nine months*. The dereliction of Plaintiff's duty to diligently litigate this action began on June 22, 2007, the deadline by which he had to (but failed to) respond to Defendants' motion to dismiss, after having been (*sua sponte*) granted two extensions of that deadline. (Dkt. Nos. 6, 10, 12, 13.) Plaintiff's failure to diligently litigate this action continued when, at some point between May 11, 2007 (when he filed a motion to appoint counsel) and September 14, 2007 (when the Court's mail to Plaintiff was first returned as "undeliverable"), Plaintiff's residence apparently changed from Southport Correctional Facility (his then-new address of record in this action) to someplace else, but he did not notify the Court of that change of address. (Dkt. No. 1; Dkt. No. 9, Part 2; Dkt. No. 11, at 4-6, 8; Dkt. No. 14, at 4-5; *see also* Docket Sheet for Internal Entry of 9/15/07.) In an effort to locate Plaintiff, the Clerk's Office searched the New York State Department of Correctional Services' online Inmate Lookup Service only to discover no inmate of record bearing the Department Identification Number provided by Plaintiff in his Complaint. (Dkt. No. 1; *see also* Docket Sheet for Internal Entry of 9/15/07.) In a further effort to reach Plaintiff, the Clerk's Office again mailed my Report-Recommendation of September 10, 2007, to Plaintiff's then-new address of record (i.e., Southport Correctional Facility). (Docket Sheet for Internal Entry of 9/15/07; *see also* Dkt. No. 15, Part 2.) However, that mail also was returned as

---

based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted].

    [4]    *See Nita v. Conn. Dep't of Env. Protection*, 16 F.3d 482 (2d Cir. 1994).

undeliverable, as has been all subsequently mailed Orders of the Court.  (Dkt. Nos. 17, 19, 21.)  It bears emphasizing that Local Rule 41.2 of the Local Rules of Practice for this Court provides that a "plaintiff's failure to take action for [only] four (4) months shall be presumptive evidence of lack of prosecution."  N.D.N.Y. L.R. 41.2(a).  Here, the failure has persisted for nearly *nine* months.

With regard to the second factor, I find that Plaintiff has received adequate notice that the sort of nine-month delay that he has caused in this action (due to his failure to provide an accurate current address) would result in dismissal.  The Court's Order of December 11, 2006, specifically advised Plaintiff that he "**is . . . required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; failure to do so will result in the dismissal of this action**."  (Dkt. No. 4, at 3 [emphasis in original].)  In addition, the Local Rules of Practice for this Court, which the Clerk's Office has provided to all correctional facilities in New York State, contains similar notifications.  N.D.N.Y. L.R. 10.1(b)(2), 41.2(a),(b).

With regard to the third factor, I find that Defendants are likely to be prejudiced by a further delay.  Defendants have been waiting to serve discovery demands on Plaintiff, and/or depose him, since December 14, 2007, when the Court issued its Pretrial Scheduling Order.  (Dkt. No. 20.)  Further delay by Plaintiff may very well result in the fading of memories, the discarding of relevant documents, and the retirement or transfer of witnesses.[5]

With regard to the fourth factor, I have taken care to strike an appropriate balance

---

[5] *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade.  Given the age of this case, that problem probably is severe already.  The additional delay that plaintiff has caused here can only make matters worse.").

between alleviating Court calendar congestion and protecting a party's right to due process and a fair chance to be heard.  I find that the need to alleviate congestion on the Court's docket[6] outweighs Plaintiff's right to receive a further chance to be heard in this matter.  I am fully aware of Plaintiff's right to be heard on the civil rights claims he has presented.  However, I am also aware that (1) Plaintiff has already had an opportunity to be heard for more than sixteen months in this action, and (2) the Court has (up until now) *repeatedly* afforded Plaintiff special solicitude in this action due to his status as a *pro se* litigant.  (*See, e.g.*, Dkt. No. 10, at 2; Dkt. No. 12, at 2; Dkt. No. 14, at 3, 6, 14.)  Indeed, it is precisely because of special solicitude that some of Plaintiff's claims survived Defendants' motion to dismiss.  (Dkt. No. 14, at 14.)  Simply stated, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice against Defendants.

      I have considered all less-drastic sanctions and rejected them under the circumstances.  For example, I am persuaded that issuing an Order chastising Plaintiff for his conduct would be futile, given the fact that such an Order will almost certainly never reach Plaintiff, due to his failure to provide a current address.  I am also persuaded that simply waiting another month or so for Plaintiff to contact the Court would also be futile, given the fact that he has failed to contact the Court for nearly ten months now.

      For these reasons, I recommend that the Court *sua sponte* dismiss Plaintiff's Complaint with prejudice for failure to diligently prosecute this action.

---

[6] I note that it is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months).

In the alternative, I find that Plaintiff's failure to comply with this Court's Order of December 11, 2006 (Dkt. No. 4, at 3) constitutes another, independent ground on which to base my recommendation of dismissal.[7] In the interest of brevity, I will not discuss in detail my findings of fact in support of that alternative ground for dismissal. I will only say that (1) the legal standard governing such a dismissal is virtually identical to the legal standard governing a dismissal for failure to prosecute,[8] and (2) I have weighed the five factors constituting that legal standard and find that they weigh decidedly in favor of dismissal, for the reasons stated above. I note that a party's failure to keep the Clerk's Office apprised of his or her current address, as ordered, has been specifically held by this Court to constitute grounds for dismissal under Fed. R. Civ. P. 41(b).[9] Finally, I note that *pro se* actions have been dismissed for failure to comply with a court order even where the failure was for as little as four months.[10] Here, the failure has been for much longer.

---

[7] Fed. R. Civ. P. 41(b) (providing that "failure of the plaintiff . . . to comply with . . . any order of the court" may subject an action to dismissal); *see also* Fed. R. Civ. P. 16(f) ("If a party . . . fails to obey a scheduling or pretrial order . . . the judge, upon motion or in the judge's own initiative, may make such orders with regard thereto as are just . . . .").

[8] *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) [citations omitted].

[9] *See Robinson v. Middaugh*, 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at *2-3 (N.D.N.Y. Sept. 11, 1997) (Pooler, J.) (dismissing action under Fed. R. Civ. P. 41[b] where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change).

[10] *See Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (plaintiff had failed to comply with order directing him to answer interrogatories for more than four months).

**ACCORDINGLY**, for the reasons stated above, it is

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be *sua sponte* **DISMISSED with prejudice** for failure to prosecute and/or for failure to comply with an Order of the Court, pursuant to Fed. R. Civ. P. 41(b); and it is further

**ORDERED** that, in addition to serving a copy of this Report-Recommendation by mail upon Plaintiff at his address of record in this action (i.e., Southport Correctional Facility), the Clerk's Office shall *also* serve a copy of this Report-Recommendation by mail upon Plaintiff at the following address: Auburn Correctional Facility, P.O. Box 618, Auburn, NY 13024 (which is Plaintiff's original address of record in this action).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing Report-Recommendation. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 13, 2008
      Syracuse, New York

George H. Lowe
United States Magistrate Judge